UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALONZO BERNARD HUNTER, III,

                Plaintiff,

v.                                    Case No. 3:22-cv-826-BJD-MCR

UNKNOWN PROSECUTOR, et al.,

                Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Alonzo Bernard Hunter, III, an inmate of the Georgia penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names the following Defendants: an unknown prosecutor; an unknown police officer with the Jacksonville Sheriff's Office (JSO); and a detective with JSO with the last name "Mazone." Compl. at 3-4. Plaintiff complains about his October 15, 2021 arrest in Duval County. Id. at 5. He alleges the arresting officers, including Detective Mazone, lacked probable cause to arrest him and search his vehicle; officers "forcibly removed [him] from [his] vehicle [and] then kicked and punched [him] while [he] was on the ground"; a JSO officer tampered with evidence; he was denied medical attention "at the scene"; Detective Mazone committed perjury; and the

prosecutor withheld evidence. Id. at 7-9. He alleges he sustained bruises and injuries to his hand. Id. at 6, 8. As relief, he seeks one million dollars plus the costs he incurred defending the resulting criminal action and being incarcerated. Id. at 6.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montfort, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

This is not the first time Plaintiff has filed a complaint in this Court asserting these allegations. He initiated an action on May 18, 2022, complaining that Detective Mazone and other "members of JSO . . . [tore his] sunroof and bust[ed] [the] driver side window of [his] vehicle" when arresting him on October 15, 2021. See Doc. 1, Case No. 3:22-cv-547-MMH-MCR. He also complained he was denied medical attention at the scene and had bruises from being punched. Id. The Court dismissed the case under the PLRA because Plaintiff failed to state a plausible claim for relief against the sole named Defendant, Detective Mazone. See Order (Doc. 6), Case No. 3:22-cv-547-MMH-MCR.

Plaintiff's complaint again is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. §

3

1983. Plaintiff alleges the officer-Defendants violated the Fourth Amendment by using excessive force during arrest, lacking probable cause for the arrest, and denying him immediate medical attention. See Compl. at 4.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 394-95 (1989)). Nonetheless, officers are permitted to use "some degree of physical coercion" when making an arrest. Id. The right to use some force depends on various factors, including the suspected crime, the extent to which the suspect poses a threat, and whether the suspect is resisting arrest. Id. Also relevant is the "extent of any injury inflicted." Saunders v. Duke, 766 F.3d 1262, 1267 (11th Cir. 2014).

When evaluating whether an officer used more force than necessary during an arrest, courts ask "whether a reasonable officer would believe [such] force [was] necessary in the situation at hand." Lee, 284 F.3d at 1197. See also Kingsley v. Hendrickson, 576 U.S. 389, 397-98 (2015) (holding courts should apply an objective standard when assessing whether an officer used excessive force, a standard that turns on "the facts and circumstances of each particular case," including what the officer knew and did).

4

Plaintiff describes two uses of force during his arrest. First, he alleges officers tore the sunroof of his vehicle and broke the window to "forcibly remove [him]." Compl. at 8. Second, he alleges that once he was removed from the vehicle, officers "kicked and punched [him] while [he] was on the ground." Id. at 7. With regard to the forced removal from his car, Plaintiff's allegations do not permit the reasonable inference any officer's actions were objectively unreasonable under the circumstances. Plaintiff alleges he was resisting arrest or refusing to comply with officers' commands: he concedes he "refused to exit [his] vehicle," and officers had to tear his sunroof and break his window to extract him. Id. Additionally, Plaintiff acknowledges he was charged with "resisting an officer without violence." Id. Plaintiff also alleges he sustained only minor injuries, caused by the broken glass, not by direct force used against him. Id. at 8. He contends he had "glass . . . stuck in [his] hand from . . . officers . . . busting [his] driver side window." Id.

As to the second alleged use of force, Plaintiff does not specify which officer or officers "kicked and punched" him. See id. at 7. He does not say Detective Mazone engaged in such conduct, and he does not identify any other officer by name in his complaint. Id. The Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court" unless a plaintiff describes a John Doe defendant with such particularity that he or she

5

can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). See also Williams v. DeKalb Cnty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action."). Plaintiff does not describe with particularity the JSO officer he attempts to name as a Defendant. Regardless, he does not allege that officer is the one who used gratuitous force against him. See Compl. at 3, 7. For the above reasons, Plaintiff fails to state a plausible claim for excessive force under the Fourth Amendment.

In addition to alleging officers lacked probable cause to arrest him, Plaintiff contends "[a]n Officer from (JSO) tampered with evidence," and Detective Mazone "knowingly [made a] false statement." Id. at 7, 8. Liberally construing these allegations, it appears Plaintiff seeks to raise a claim of false arrest or malicious prosecution. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing Wallace v. Kato, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."). See also Wood v.

Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

Plaintiff's bald assertion that officers lacked probable cause to arrest him is a mere conclusion. As such, it amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. See Iqbal, 556 U.S. at 678. See also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020)[1] (affirming the district court's dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the deputy clerk for the warrants office] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

Plaintiff offers only vague factual allegations supporting his conclusion. He asserts, "Officers had [his] vehicle boxed in between 2 unmarked police cars to prevent escape which allowed the[m] plenty of time to obtain a search and arrest warrant." Compl. at 7. Even if true that officers had time to obtain an

---

[1] Unpublished decisions are not binding. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law.

arrest warrant, Plaintiff offers no facts permitting the reasonable inference the officers lacked probable cause to make a warrantless arrest. It is well settled that "the Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred." Florida v. White, 526 U.S. 559, 565 (1999). See also Maryland v. Pringle, 540 U.S. 366, 370 (2003) ("A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause.").

The officers were not obligated to obtain an arrest warrant even if there was time to do so. See § 901.15, Fla. Stat. (2022) ("A law enforcement officer may arrest a person without a warrant when [t]he person has committed a felony or misdemeanor . . . in the presence of the officer," or when "a felony has been committed and [the officer] reasonably believes that the person committed it."). See also Machado v. State, 363 So. 2d 1132, 1136 (Fla. 3d DCA 1978) ("[A]n otherwise proper arrest without a warrant is not invalidated by the fact that there may have been sufficient time to have obtained a warrant.") (citing State v. Perez, 277 So. 2d 778 (1973)).

A claim for malicious prosecution accrues when a seizure happens "pursuant to legal process" and requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without

probable cause, that terminated in his favor and caused damage to him." Williams, 965 F.3d at 1157 (internal quotation marks omitted). The Court takes judicial notice[2] of the state criminal docket, which shows the judge entered a "finding of probable cause to detain" Plaintiff on October 16, 2021. See Clerk Online Resource ePortal (CORE), available at https://core.duvalclerk.com (last visited Aug. 9, 2022). The charges against Plaintiff remain pending. In other words, he cannot demonstrate the prosecution terminated in his favor. See Williams, 965 F.3d at 1157. As such, he may not pursue a claim for malicious prosecution.

Plaintiff further alleges the arresting officers "denied [him] immediate medical assistance at the scene." Compl. at 8. As with his other allegations, however, he does not identify a Defendant allegedly responsible for such conduct. See id. Additionally, Plaintiff acknowledges he was evaluated by jail medical staff and then was taken to UF Shands for treatment. Id. Even if the arresting officers failed to appreciate that Plaintiff's injury required immediate medical attention, Plaintiff alleges no facts permitting the reasonable inference they were deliberately indifferent to his serious medical needs. See,

---

[2] A district court may take judicial notice of the contents of a publicly available docket sheet. See McDowell Bey v. Vega, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him).

e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment."); Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009) ("While the deputies may have made an error in judgment, mere negligence or a mistake in judgment does not rise to the level of deliberate indifference.").[3]

Finally, Plaintiff alleges the prosecutor withheld evidence. See Compl. at 9. Not only is Plaintiff's assertion vague and devoid of factual detail, but a prosecutor enjoys absolute immunity for actions taken in the scope of his or her "role as an advocate for the state." Kassa v. Fulton Cnty., Ga., 40 F. 4th 1289, 2022 WL 2800849, at *3 (11th Cir. 2022); see also Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Thus, Plaintiff's purported claim against the prosecutor is subject to dismissal.

---

[3] "[U]nder the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'" Crocker v. Beatty, 995 F.3d 1232, 1246 (11th Cir. 2021), cert. denied, 142 S. Ct. 845 (2022). Courts confronted with a claim that state officials were deliberately to an arrestee's or a detainee's serious medical needs analyze the claim under the Eighth Amendment standard. See Mann, 588 F.3d at 1306.

For the above reasons, Plaintiff's complaint is due to be dismissed without prejudice subject to Plaintiff's right to initiate a new case to pursue any viable, non-frivolous claims against the arresting officers if he so chooses.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.     The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of August 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:     Alonzo Bernard Hunter, III

11